UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RATTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MH SUB I, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-01492-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 20 |

　　　　For the following reasons, the Court **GRANTS** Plaintiff Kim Rattler's pending motion to remand this case to Alameda County Superior Court. *See* Docket No. 20 ("Mot.").

## I.　BACKGROUND

A.　First Action

　　　　Plaintiff alleges that, when she applied to work for Defendants, they provided her a disclosure and authorization form to perform a background check that "contained extraneous and superfluous language that does not consist solely of the disclosure as required by the FCRA and/or is not clear and conspicuous." *See* Docket No. 1, Ex. A ("Compl.") ¶¶ 21–22. Plaintiff does not allege that she was confused or otherwise harmed by the authorization form. *Id.*

　　　　On Mach 9, 2020, Plaintiff filed a complaint in Alameda County Superior Court raising a single cause of action against Defendants for willful violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. *See Rattler v. MH Sub I, LLC*, No. 3:20-cv-02444 ("*Rattler I*"), Docket No. 1-1, Ex. A ("Compl."). On April 9, 2020, Defendants removed the action to this Court on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.*

　　　　On August 27, 2020, this Court granted Plaintiff's motion to remand in a minute order

because "the complaint makes no allegation that plaintiff suffered a concrete injury and, therefore, this Court lacks Article III standing." *Rattler I*, Docket No. 44 ("Min. Order") (citing *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017).

B.      Instant Action

On February 2, 2021, Defendants' counsel asked Plaintiff during her deposition if she "believe[d] that [she was] wronged by something Demandforce did," to which she responded: "yes, I do." *Rattler v. MH Sub I, LLC*, 3:21-cv-1492 ("*Rattler II*"), Docket No. 1-1, Ex. E ("Rattler Dep.") at 110:09–14. When asked to elaborate, Plaintiff explained as follows:

> I feel like—I feel like I was—I was prejudged based on my background. The conversation that took place in the physical interview, and the prepping me for Monday, and pretty much assuring me, that, you know, they'll see me Monday morning, and declining other options, then to get a call at the last minute on a Friday, yeah, I definitely feel like I was wronged. I feel like I was judged based on my background.

*Id.* at 110:18–24. Defendants then confirmed that Ms. Rattler sought to be compensated "for that wrong" as part of this lawsuit. *Id.* at 110:25–111:2. Counsel for Defendants then asked whether Plaintiff was "seeking compensation for [emotional distress] as part of this lawsuit," to which she responded:

> I try not to put emotion in it, but I'm a very emotional person, and I don't think they understood what not being able to go to work did. The not knowing how you're going to feed your kid, or pay the bills, or the rent, and you take care of your mother, and you're the sole provider for everyone. And I know it's not their problem, but—it just—it just, it took a lot. I wasn't asking for a handout. I've never asked for a handout. I've always worked for everything I had.
>
> So, again, it was a last minute decision to tell me I'm not going to work after I spent money that I didn't have for work clothes, and expecting to, you know, make a certain amount of money to be able to take care of your kid, your family. And it just be gone in a blink of an eye. It was a lot of emotional distress, a lot.

*Id.* at 111:03–21. Ms. Rattler was referring to Defendants' decision not to hire her.

Based on this testimony, Defendants again removed the action to this Court on March 2, 2021. *Rattler II*, Docket No. 1 ("Notice of Removal"). Plaintiff filed the pending motion to remand this case on August 12, 2021. Mot.

2

## II.    <u>LEGAL STANDARD</u>

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

## III.    <u>DISCUSSION</u>

Federal courts do not have subject matter jurisdiction over actions where a plaintiff lacks Article III standing. *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004). The "irreducible constitutional minimum" of standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins* ("*Spokeo II*"), 136 S. Ct. 1540, 1547 (2016). These three elements are referred to as, respectively, injury-in-fact, causation, and redressability. *Planned Parenthood of Greater Was. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). The party invoking federal jurisdiction bears the burden of "clearly . . . alleg[ing] facts demonstrating each element." *Spokeo II,* 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Defendants' second removal of this case is wholly meritless. They contend Plaintiff's testimony regarding the emotional distress she suffered from not getting hired by Demandforce means she "alleged a concrete injury that she believes was caused by Demandforce's conduct." *See* Docket No. 23 ("Opp'n") at 4. But the "conduct" Plaintiff complained about in her deposition was that Defendants did not hire her, not that they provided her with a background check disclosure and authorization form with extraneous and superfluous language in violation of the

3

FCRA, which is her *only* cause of action in this case. *See* Compl. ¶¶ 21–22. It is therefore obvious that the emotional distress Plaintiff described in her deposition is not "fairly traceable *to the challenged conduct* of the [D]efendant[s]." *Spokeo II*, 136 S. Ct. at 1547 (emphasis added). Defendants do not contend Plaintiff alleged or testified that the deficient disclosure and authorization form caused her confusion, let alone emotional distress. *See Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) ("A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." (quoting *Spokeo II*, 136 S.Ct. at 1549)). There is no colorable argument that Plaintiff's emotional distress was caused by Defendants' failure to provide her an FCRA-compliant authorization and disclosure form.

Accordingly, Plaintiff does not have Article III standing.

## IV.     CONCLUSION

For the foregoing reasons, the Court *again* **GRANTS** Plaintiff's motion to remand this case to Alameda County Superior Court.

The Court further reminds Defendants and their counsel that they should only file removal notices that, pursuant to Federal Rule of Civil Procedure 11(b), are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Otherwise Defendants risk being sanctioned by this Court. Fed. R. Civ. P. 11(c).

This order disposes of Docket No. 20.

**IT IS SO ORDERED**.

Dated: September 8, 2021

_____
EDWARD M. CHEN
United States District Judge